ROBERT W. RAINWATER, Oregon State Bar No. 084489
Email: rrainwater@rainwaterlaw.org
Rainwater Law Group
1327 SE Tacoma Street, Suite 239
Portland, Oregon 97202-6639
Telephone: (971) 271-7566
Fax: (503) 231-8276

Attorney for Defendant
**JASON CHARLES BLOMGREN**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | No. 3:16-cr-00051-BR |
| Plaintiff | **SENTENCING MEMORANDUM** |
| v. | |
| **JASON CHARLES BLOMGREN** | |
| Defendant. | |

Defendant Jason Charles Blomgren, through his attorney, Robert W. Rainwater, hereby submits the following sentencing memorandum.

I.      Offense Level Calculation:

The presentence investigation report's calculation of the base offense level is incorrect. As the parties agreed in the plea agreement, the base offense level is 10, the probation report agrees with this finding. Mr. Blomgren should receive the following adjustments:

1.      Plus three levels for possession of a firearm pursuant to §2A2.4(b)(1)(B), as found in the probation report.

      2.      Plus three levels pursuant to §3A1.4, application note 4 for the offense being calculated to influence or affect the conduct of government by intimidation.

      3.      Minus three levels for acceptance of responsibility as the offense level based on the above is 16.

      4.      Minus three levels for early disposition as provided in the plea agreement. Mr. Blomgren entered into a plea agreement with the Government within a couple of months of his arrest.

These reductions result in a total offense level of 10. Based on a criminal history category of 1 the guideline range is 6 to 12 months. The Government in the plea agreement recommends a sentence at the low end of the guideline. Based on Mr. Blomgren's conduct, see below, and early acceptance of responsibility a sentence at the low end is justified.

II.      Mr. Blomgren's conduct in this offense:

Mr. Blomgren heard about the situation at the Wildlife Refuge online. He drove from his home in North Carolina to Oregon and arrived at the refuge after the occupation started. During the time that he was there, Mr. Blomgren stayed in the bunkhouse and was not a leader in the situation but merely did as he was told.

When he first arrived, he was surprised to see the barricades and armed patrols, but he went along with what was happening as he didn't want to be seen as a coward. He did patrol the refuge and during that time carried a weapon, not his own because he didn't bring a weapon with him. During his time at the refuge, Mr. Blomgren never fired a weapon or used one in a threating manner. Mostly, his contribution was keeping morale up by telling jokes and being funny. His nickname is Joker J which accurately describes his personality.

Toward the end, Mr. Blomgren was upset with the occupation lasting so long as he left his two kids with his parents in North Carolina and needed to get back with them. He told the leaders of the occupation that he wanted to leave and was upset that situation was lasting so long. To give Mr. Blomgren some incentive to stay on he was assigned to go the meeting in John Day the day before

Page 2 – SENTENCING MEMORANDUM

the meeting to allegedly provide "security," which meant he set up chairs and preparing the building for the meeting. The meeting in John Day never happened as the leaders were arrest on their way to the meeting.

At the meeting, the local sheriff told Mr. Blomgren about the arrest and death of Mr. Finicum. After that Mr. Blomgren left John Day and went to the Bundy residence in Nevada. Mr. Blomgren remained there and was trying to figure out a way to get his car back that he had left at the refuge when he went to John Day so that he could go home. Based on the information the local sheriff gave him Mr. Blomgren believed that the federal government had murdered Mr. Finicum and might well do the same to him. During this time, he also went to Mr. Finicum's funeral. He was arrested in Nevada on February 10, 2016.

Mr. Blomgren, while at the refuge, never engaged in any activities that were destructive of the refuge, such as the digging of trenches, handling artifacts, or the bulldozing of a new road.

III. Conclusion.

Based on the above the Court should sentence Mr. Blomgren to a term consistent with the plea agreement between him and the Government.

RESPECTFULLY SUBMITTED this August 23, 2017.

                                             s/ Robert W. Rainwater
                                             Robert W. Rainwater
                                             OSB # 084489
                                             (971) 271-7566
                                             Attorney for Defendant
                                             JASON CHARLES BLOMGREN